# Supreme Court of Florida

No. SC2023-1294

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.131.**

April 25, 2024

PER CURIAM.

The Criminal Court Steering Committee filed a report proposing amendments to Florida Rule of Criminal Procedure 3.131 (Pretrial Release).[1]  The Committee approved the proposed amendments by vote of 10-2.  The Committee published its proposal for comment prior to filing it with the Court, and two comments were received in opposition to the proposal.  After consideration of the comments, the Committee filed a report with two proposals; the one that was published (Track A) and one that was not published (Track B).  The Court published the two proposals for comment and received five comments: two in favor of

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

Track B, and three opposed to the amendments (though one comment in opposition supported Track A over Track B).

The Court hereby amends Florida Rule of Criminal Procedure 3.131 as proposed by the Committee in Track B with slight modification. The amendments clarify that a first appearance judge can revoke pretrial release on a case not assigned to that judge in accordance with section 903.0471, Florida Statutes (2023). First, subdivision (f) is modified to specifically state this allowance. Next, subdivision (d) is modified to follow the language of section 903.02, Florida Statutes (2023), more closely. This clarifies that subdivision (d) relates to the removal or reduction of bail conditions as opposed to subdivision (f), which covers the revocation of pretrial release. Finally, subdivision (h) is amended to clarify the proper court for setting conditions of release after recommitment.

Accordingly, we amend Florida Rule of Criminal Procedure 3.131 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rule shall become effective July 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Judge Joseph A. Bulone, Chair, Criminal Court Steering Committee, Clearwater, Florida, and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

    for Petitioner

George Pavlidakey, Clearwater, Florida; Francis J. "Frank" Allman, Chief Judge, on behalf of the Second Judicial Circuit, Tallahassee, Florida; Katherine Fernandez Rundle, State Attorney, Eleventh Judicial Circuit, Miami, Florida; Jason Cromey, Co-Chair, Florida Association of Criminal Defense Lawyers, Pensacola, Florida; and Jessica J. Yeary, Public Defender, Second Judicial Circuit, on behalf of the Florida Public Defender Association, Inc., Tallahassee, Florida,

    Responding with comments

**APPENDIX**

**RULE 3.131.   PRETRIAL RELEASE**

**(a) – (c)**   [No change]

**(d)   Subsequent Application for Setting or Modification of Bail.**

(1)   When a judicial officer not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try the defendant, and bail has been denied or sought to be modified, application by motion may be made to the court having jurisdiction to try the defendant or, in the absence of the judge of the trial court, to the circuit court. The motion shall be determined promptly. No judge o~~rf~~ a court of equal or inferior jurisdiction may ~~modify or set a condition of release~~remove a condition of bail or reduce the amount of bond required, unless the judge:

(A)   imposed the conditions of bail or set the amount of bond required;

(B)   is the chief judge of the circuit in which the defendant is to be tried;

(C)   has been assigned to preside over the criminal trial of the defendant; or

(D)   is the first appearance judge and was authorized by the judge initially setting or denying bail to modify or set conditions of release.

(2) – (3)   [No change]

**(e)**   [No change]

**(f)   Revocation of ~~Bail~~Pretrial Release.**

(1)   Any judge presiding at a first appearance hearing may revoke a defendant's pretrial release status pursuant to s.

- 4 -

<u>903.0471 on a case not assigned to the first appearance judge but that is pending in the same judicial circuit as the first appearance hearing.</u>

(2)    The court in its discretion for good cause, any time after a defendant who is at large on bail appears for trial, may commit the defendant to the custody of the proper official to abide by the judgment, sentence, and any further order of the court.

**(g)**    [No change]

**(h)    Bail after Recommitment.** If the defendant applies to be admitted to bail after recommitment, the court that recommitted the defendant <u>or the court under (d)(1)</u> shall determine conditions of release, if any, subject to the limitations of subdivision (b).

**(i) – (*l*)**    [No change]

## Committee Notes

[No change]

## Court Comment

[No change]